# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**JOHNNY BURGESS,**

    Plaintiff,

v.                                                             2:22-cv-228-JLB-NPM

**DEREK SNIDER, HAROLD RAMSEY,
HIRSCHY, CRAWFORD, NESBITT,
BASILIO,** and **KAISER,**

    Defendants.

---

## ORDER

Plaintiff Johnny Burgess, a prisoner at Suwannee Correctional Institution, asserts that Christina Quinn, who is not a party to this action, is "tampering [with his] outgoing legal mail out of retaliation[.]" (Doc. 94 at 1). He asks the court to "contact[] the Regional Director, John Palmer, that's over this facility & Central Office staff in Tallahassee to implement a solution where this lady cannot tamper with any of my outgoing legal mail out of retaliation, etc." (*Id.* at 2). The motion (Doc. 94) is **DENIED**.

It is not the role of this court to oversee the day-to-day operations of Suwannee Correctional Institution. In a case challenging a state-prison-transfer policy, the Supreme Court warned against federal courts making decisions regarding "the day-to-day functioning of state prisons and involv[ing] the judiciary in issues and

discretionary decisions that are not the business of federal judges." *Mecham v. Fano*, 427 U.S. 215, 228–229 (1976). The Court explained: "The federal courts do not sit to supervise state prisons …." *Id* at 229. If Burgess believes that an official at his place of incarceration is violating his civil rights, he may file a separate 42 U.S.C. § 1983 case after exhausting his administrative remedies. He should not attempt to leapfrog the litigation process by filing motions for injunctive relief in unrelated cases.

**ORDERED** on February 13, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge