UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JOHNNY BURGESS**,

    Plaintiff,

v.                                                                                        2:22-cv-228-JLB-NPM

**DEREK SNIDER**, **HAROLD RAMSEY**, **HIRSCHY**,
**CRAWFORD**, **NESBITT**, **BASILIO**, and **KAISER**,

    Defendants.

---

## ORDER

Plaintiff Johnny Burgess has filed a "Time Sensitive Motion" asking the court to rule on his August 12, 2024 notice to the court. (Doc. 83). Burgess asserts that he has become aware of the name of the officer who allegedly over-tightened his handcuffs, and he appears to seek guidance on whether he needs to file an amended complaint. The motion (Doc. 97) is **GRANTED** only to the extent explained in this order.

First, the court does not rule on notices. To the extent Burgess requested action from the court in his August 12, 2024 paper, he needed to style it as a "motion." *See* Fed. R. Civ. P. 7(b)(1)("A request for a court order must be made by motion."). Next, Juan Basilio, the officer who applied Burgess's handcuffs, was not "dropped from this case as a defendant" during screening, as Burgess misstated in the notice. (Doc. 83 at 2). Accordingly, Basilio is still a defendant. Finally, in their motion for

summary judgment, the defendants—recognizing that the officer responsible for applying Burgess's handcuffs has not been specifically identified—have responded to the allegation that the handcuffs were excessively tight. (Doc. 89 at 13). Accordingly, the court can address the motion for summary judgment without an amended complaint. Should the handcuff claim survive summary judgment, the court will address the need for an amended complaint.

        **ORDERED** on February 13, 2025

        _____
        NICHOLAS P. MIZELL
        United States Magistrate Judge