UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNY BURGESS,

    Plaintiff,

v.                                            Case No. 2:22-cv-228-JLB-NPM

DEREK SNIDER, HAROLD RAMSEY,
HIRSCHY, CRAWFORD, NESBITT,
BASILIO, AND KAISER,

    Defendants.

_____

## ORDER TO RE-FILE MOTION FOR SUMMARY JUDGMENT WITH PINPOINT CITATIONS

    Plaintiff, a prisoner of the Florida Department of Corrections, initiated this action on April 11, 2022 by filing a 42 U.S.C. § 1983 civil rights complaint alleging, in part, that several correctional officers used excessive force against him when they used pepper spray during a cell extraction and overly tightened his handcuffs. (Doc. 1.)  On November 22, 2024, five defendants filed a motion for summary judgment requesting that the Court dismiss these claims.  (Doc. 89.)  In support of their motion, the defendants filed, under seal, three video clips showing different views of the cell extraction and portions of Plaintiff's subsequent escort to the medical department.  (Doc. 104, Exhibits F, G, H.)  The three videos total approximately 130 minutes.

    The defendants rely strongly on the video evidence to support their motion for summary judgment.  However, they do not provide pinpoint citations or time stamps to direct the Court to the parts of the videos that allegedly support their

allegations. For example, the defendants allege that at some point during the escort, Plaintiff slipped and that "Officer Kaiser and Sergeant Basilio ensure that Plaintiff does not fall to the ground. MSJ Ex. F." (Doc. 89 at 9.) Likewise, the defendants dispute Plaintiff's allegation that his handcuffs were too tight by asserting that "[a]t multiple points while being escorted, Plaintiff's handcuffs are visible with gaps present between his [wrists] and the cuffs. MSJ Ex. F." (Id.) The Court will not speculate about which portions of the videos show these (and other) events and will not spend time scouring the videos to ascertain whether the videos show what Defendants purport they do. See Fed. R. Civ. P. 56(c) (stating that a party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record[.]"); Chavez v. Sec'y, Fla., Dep't of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) ("[D]istrict court judges are not required to ferret out delectable facts buried in a massive record[.]").

  Accordingly, the Court will deny the defendants' motion for summary judgment without prejudice so that they can file a *new* motion in which they support their allegations with pinpoint citations to the video clips in Exhibits F, G, and H. The defendants may do this by referencing the time that has lapsed since the start of each video (example: Ex. F at 5:28). Because the time to file dispositive motions has already passed, the defendants may not amend the motion for summary judgment in any other manner except to provide pinpoint citations to the exhibits. And because the amended motion for summary judgment will be identical to the original motion (except for the pinpoint citations), Plaintiff is not required to respond to it. Moreover, the parties do not need to re-submit their evidence in

2

support of (or in opposition to) the motion.

Accordingly, it is now **ORDERED** that the defendants' motion for summary judgment ([Doc. 89](#)) is **DENIED without prejudice.** The defendants must submit an amended motion for summary judgment within **TEN (10) DAYS** from the date of this Order.

**DONE AND ORDERED** in Fort Myers, Florida on March 24, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies to:   Johnny Burgess, Counsel of Record