UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHNNY BURGESS, DC# U05762,

    Plaintiff,

vs.                                      Case No. 2:22-cv-00228-JBL-NPM

WARDEN SNIDER; CAPTAIN
RAMSEY; LIEUTENANT HIRSCHY;
SERGEANT CRAWFORD; SERGEANT
NESBITT; SERGEANT BASILIO; and
OFFICER KAISER,

    Defendants.
_____/

**DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, M.D. Fla. L. R. 3.01, and this Court's Order dated July 18, 2024 [ECF No. 82] and March 24, 2025 [ECF No. 105], Defendants, Snider, Ramsey, Nesbitt, Hirschy, and Crawford, by and through undersigned counsel, hereby respectfully request this Honorable Court grant their Amended Motion for Summary Judgment and dismiss Plaintiff's claims against them.

**I.**     **PRELIMINARY STATEMENT**

Plaintiff, Johnny Burgess, *pro se*, is an inmate currently in the custody of the Florida Department of Corrections ("FDC") who alleges on August 26, 2021, his constitutional rights were violated when he was the victim of an incident of excessive force. This matter is proceeding on the complaint filed on April 11, 2022, alleging that

Defendants violated his Eighth Amendment rights after a use of force incident on August 26, 2021.

Plaintiff had additional claims within his complaint, however on August 9, 2023 this court entered an order dismissing some of Plaintiff's claims under 42 U.S.C. § 1997e(a) for failure to exhaust his administrative remedies prior to the filing of this complaint. ECF No. 59

The Court organized Plaintiff's remaining claims into three counts.

Count I- Excessive Force (Defendants Snider and Ramsey). Eighth Amendment excessive force claim for directly ordering the unnecessary August 26, 2021 use of force against Plaintiff.

Count II- Excessive Force (Defendants Nesbitt, Hirschy, and Crawford). Eighth Amendment excessive force claim for spraying Plaintiff with chemical agents on August 26, 2021 and for ordering Nesbitt to spray chemical agents on the same day.

Count III- Excessive Force (Defendants Unknown). Eighth Amendment excessive force claim for the use of overly-tight hand restraints on August 26, 2021. ECF No. 59.

## II.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

In his Complaint, Plaintiff alleges that Defendants Hirschy and Crawford came to Plaintiff's cell with the handheld portable camcorder and made it appear as if Plaintiff was being disorderly so that chemical agents could be used on Plaintiff without an actual legitimate purpose. Plaintiff claims that this use of force was ordered by Defendants Snider and Ramsey as an attempt to punish Plaintiff for the filing of a

prior lawsuit. Plaintiff claims that he was not counseled prior to the spraying of chemical agents and that Plaintiff was not in violation of the rules, thus did not deserve the use of force. After the use of force via chemical agents, Plaintiff claims that the handcuffs were placed on him intentionally tight as a form of punishment, causing injury to his wrists. Plaintiff was unsure of the specific person that placed the handcuffs on him at the time of filing his complaint. Plaintiff includes additional facts in reference to tampering with his mail and allegations of failure to protect, however those allegations were dismissed by the Court.

### III. DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PER RULE 56(e)

Plaintiff, Johnny Burgess was an inmate in the custody of the Florida Department of Corrections on August 26, 2021. On August 26, 2021, Plaintiff was in his cell at Charlotte Correctional Institution. At 8:41 p.m. Plaintiff was observed covering his cell window and instructed to leave his window uncovered. MSJ Ex. G at 01:33, H at 01:33. Defendant Hirschy observed Plaintiff covering his window and threatening staff and documented this in the Use of Force Incident Report. MSJ Ex. A, C, D. Defendant Crawford was the handheld camera operator during the use of force incident on August 26, 2021. MSJ Ex. F at 00:09. The handheld video camera was noted to reflect the incorrect date and time of approximately 12 hours ahead. MSJ Ex. F at 00:22, D. At 8:56 p.m. Defendants Crawford and Hirschy arrived at the door to Plaintiff's cell. MSJ Ex. F at 02:17, G at 16:33, H at 16:33. At which time Plaintiff was in his cell, moving his bedding to the floor. MSJ Ex. F at 02:17. Plaintiff did not

submit to hand restraints and laid on the floor under his bedding. MSJ Ex. F at 3:28. Four minutes elapsed from the first request to submit to hand restraints until the chemical agents were used. MSJ Ex. F at 06:06, G at 20:25, H at 20:25.

Eight minutes elapsed from the use of chemical agents until Plaintiff finally agreed to submit to hand restraints. MSJ Ex. F at 13:14. Once Plaintiff complied, he was placed in hand restraints and escorted to a decontamination shower by Sgt. Basilio and Officer Kaiser. MSJ Ex. A, C, D, F at 14:22-16:00. After the completion of the decontamination shower, Plaintiff was taken to medical for a post use of force exam. MSJ Ex. F at 24:49-25:50. When the post use of force medical exam was completed, Plaintiff was returned to a decontaminated cell. MSJ Ex. F at 28:40.

## IV. MEMORANDUM OF LAW

**A.    Summary Judgment Standard.**

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine when the evidence is such that reasonable jury could return a verdict in favor of the nonmovant. *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." *Kesinger ex relk. Estate of Kesinger v. Herrington*, 381. F.3d 1243, 1247 (11th Cir. 2004).

The party seeking summary judgment bears the initial burden of demonstrating

to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. *See Clark v. Coates & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A).

Once a defendant presents a properly supported motion for summary judgment, the plaintiff must present affirmative evidence to support his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). The plaintiff "must identify affirmative evidence" that a jury could find meets the plaintiff's burden of proving the pertinent motive. *Crawford-El Britton*, 523 U.S. 574, 600 (1998). *See also, Stafford v. True Temper Sports*, 123 F.3d 291, 296 (5th Cir. 1997) ("[I]f simply stating that a person may not be telling the truth (without any hard evidence proving that assertion) is the standard to overcome summary judgment, no summary judgment would ever be proper …").

While the evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party, in order to defeat summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**B.    Qualified Immunity Standard.**

Prison officials sued in their individual capacities are "entitled to qualified

immunity for [their] discretionary actions unless [they] violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Black v. Wigington*, 811 F.3d 1259, 1266 (11th Cir. 2016). Qualified immunity allows government employees to exercise their official duties without fear of facing personal liability. *Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018). The doctrine protects all but the plainly incompetent or those who knowingly violate an inmate's constitutional rights. *Id*. In other words, even if a prison official makes a decision that is later found to be constitutionally deficient, the official is entitled to qualified immunity of the decision was based on a reasonable misapprehension of the law governing the circumstances. *Taylor v. Riojas*, 141 S. Ct. 52, 53 (2020) (per curiam) (*citing Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)). To overcome a qualified immunity defense, a plaintiff bears the burden to demonstrate two elements: the defendant's conduct caused plaintiff to suffer a constitutional violation, and the constitutional violation was "clearly established" at the time of the alleged violation. *Alcocer*, 906 F.3d at 951. "Because § 1983 'requires proof of an affirmative casual connection between the official's acts or omissions and the alleged constitutional deprivation,' each defendant is entitled to an independent qualified-immunity analysis as it relates to his or her actions and omissions." *Id*. (*quoting Zater v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)).

**C.     Excessive Force and the Eighth Amendment.**

Unnecessary and wanton infliction of pain is cruel and unusual punishment and is prohibited by the Eighth Amendment. *Whitley v. Albers,* 475 U.S. 312, 319 (1986). The evidence required to establish an unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (cleaned up). To prove an Eighth Amendment violation, a prisoner must show a deprivation of objectively sufficient seriousness to be of constitutional concern and that the prison official acted with a sufficiently culpable state of mind, knowing of, yet disregarding, an excessive risk to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); see also *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). The inmate must satisfy both the objective and subjective components. *Wilson v. Seiter,* 501 U.S. 294, 298-99, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991).

The purpose of 42 U.S.C. §1983 is to provide a federal remedy to those persons deprived on their constitutional rights by unlawful official actions. *Douthit v. Jones*, 619 F.2d 527, 534 (5th Cir. 1980). In excessive force claims, the main inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline or whether it was applied maliciously and sadistically to cause harm." *Kornagay v. Burt*, Slip Copy, 2011 WL 839496, 10 (N.D.Fla. 2011), quoting *Wilkins v. Gaddy*, 559 U.S. 34, 130 S. Ct. 1175, 1178-79 (2010); see also *Williams v. Slack*, Slip Copy, 2011 WL 3684543, 2 (11th Cir. 2011)(force in a custodial setting does not violate the Eighth Amendment if applied in good faith effort to maintain or restore discipline and not maliciously and

sadistically to cause harm); *Johnson v. Breeden*, 280 F.3d 1308, 1322 (11th Cir. 2002) (force is not Eighth Amendment violation unless "sadistically and maliciously applied for the very purpose of causing harm"); *Skrtich v. Thornton,* 280 F.3d 1295, 1300 (11th Cir.2002); *Honors v. Judd*, Slip Copy, 2011 WL 3498287, 3 (M.D.Fla.. 2011).

To determine whether force was applied maliciously or sadistically, Courts examine: (a) the need for application of force, (b) the relationship between that need and the amount of force used, (c) the extent of injury inflicted upon the prisoner; (d) the extent of threat to the safety of staff and inmates; and (e) any efforts made to temper the severity of a forceful response. *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007); see also *Williams*, 2011 WL 3684543, 2. When applying the *Cockrell* factors, the Eleventh Circuit gives "wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance." *Cockrell*, 510 F.3d at 1311; see also *Williams*, 2011 WL 3684543, 2; *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009). "Prison guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding." *Bennett v. Parker,* 898 F.2d 1530, 1533 (11th Cir.1990). Compliance with prison regulations in administering force or restraint provides evidence that prison officials acted in good faith and not to inflict pain. *Campbell v. Sikes*, 169 F.3d 1353, 1376 (11th Cir. 1999).

**D.   Arguments**

> **On August 26, 2021 Defendants reasonably determined that force was necessary due to Plaintiff's repeated refusal to comply with orders.**

F.A.C. 33-602.210(2) authorizes use of non-deadly physical force, *inter alia*, when reasonably necessary to: (e) quell a disturbance. MSJ Ex. E. Accordingly, Plaintiff had caused a disturbance when he covered the window to his cell. MSJ Ex. A, C, D. F.A.C. 33-602.210 permits the use of chemical agents. MSJ Ex. E. Plaintiff's DC4-650B was reviewed and indicated that he had no known medical condition that could be exacerbated by chemical agents. MSJ Ex. C, D. The Warden on duty at the time was Major Frizziola and he authorized the use of chemical agents to bring Plaintiff back into compliance. MSJ Ex. C, D. Defendant Nesbitt administered three (3) one second burst of OC chemical agents into the cell, utilizing 158 grams of chemical agents. MSJ Ex. C, D. Defendant Nesbit only used the minimal amount of force necessary in an attempt to quell the disturbance. MSJ Ex. C, D. Pursuant to 33-602.210, the use of force by Nesbitt was an appropriate use of force, and it was determined to be in compliance with the rules by the Inspector General's Office. MSJ Ex. C.

After the chemical agent was administered, and Plaintiff was in compliance with lawful orders, Plaintiff was escorted to a decontamination shower by Officer Kaiser and Sergeant Basilio. MSJ Ex. C, D. Throughout the video, all of the time in which Plaintiff is escorted, there is no evidence of any unnecessary force used. While being escorted back to his cell after the decontamination shower, Plaintiff slips and Officer Kaiser and Sergeant Basilio ensure that Plaintiff does not fall to the ground. MSJ Ex F at 28:25. At multiple points while being escorted, Plaintiff's handcuffs are

visible with gaps present between his writs and the cuffs. MSJ Ex. F at 15:08-15:22; 15:26; 25:08-25:18; 25:24-25:31; 27:50-28:40.

### I. There is no claim for Excessive Force as to Warden Snider and Ramsey.

As it pertains to Warden Snider and Defendant Ramsey, Plaintiff alleges that Warden Snider and Defendant Ramsey authorized the use of force, however this is contradicted by the records. The warden on duty at the time the use of force was authorized was not Warden Snider. MSJ Ex. C, D. "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Solliday v. Fed. Officers*, 413 Fed. Appx. 206, 207 (11th Cir. 2011) (emphasis added), quoting *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996); Fed.R.Civ.P. 56(e). Accordingly, this Court should enter an order granting summary judgment in favor of Warden Snider and Defendant Ramsey.

### II. There is no claim for Excessive Force as to Nesbitt.

As it pertains to Defendant Nesbitt, Plaintiff alleges an Eighth Amendment violation for excessive force by participating in the planned use of force and spraying the chemical agents. Here, the Court must examine: (a) the need for application of force, (b) the relationship between the need and the amount of force used, (c) the extent of the injury inflicted upon the prisoner, (d) the extent of threat to the safety of staff and inmates; and (e) any efforts made to temper the severity of a forceful response. *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007). As demonstrated in the video

[MSJ Ex. F at 02:15] Plaintiff was being disruptive and had his cell in disarray at the time the use of force occurred. Plaintiff was given commands to submit to hand restraints, but did not submit. Instead, Plaintiff used his bedding to cover himself while he laid on the floor. MSJ Ex. F at 03:26. Defendant Nesbitt utilized force through chemical agents once after Plaintiff was provided instruction and four minutes to follow the instruction. MSJ Ex. F at 05:50-06:12. In this instance, the amount of force used was minimal and once force was used, Plaintiff finally complied after seven minutes. MSJ Ex. F at 13:01. One application of force was used and there is no evidence of injury to Plaintiff from the application of the chemical agents. MSJ Ex. C, D, F at 25:48- 27:49. A short burst of pepper spray is not disproportionate to the need to control an inmate who has failed to obey a jailer's orders. *Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008)

All of the actions of Defendant Nesbitt were reasonable and within the scope of his employment. As the actions taken within the use of force were reasonable and undertaken pursuant to the performance of his duties, Defendant Nesbitt is entitled to qualified immunity as well. Accordingly, this Court should enter an order granting summary judgment in favor of Defendant Nesbitt.

### III. There is no claim for Excessive Force as to Hirschy

As demonstrated withing the video and the written reposts, Defendant Hirschy followed the appropriate polices for the use of force on Plaintiff when the prison rules were violated. Plaintiff was given multiple opportunities to comply with the command

to submit to hand restrains and continuously refused to do so. MSJ Ex. F at 02:22 and 05:45. Pepper spray is an accepted non-lethal means of controlling unruly inmates. *Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008). Throughout the entire handheld video, Defendant Hirschy is calm and following the appropriate protocol. Plaintiff removed the bedding from his sleeping area and placed it on the floor when Defendant Hirschy ordered him to submit to hand restraints. The actions taken within the use of force were found to be appropriate by the Office of the Inspector General. MSJ Ex. C. Compliance with prison regulations in administering force or restraint provides evidence that prison officials acted in good faith and not to inflict pain. *Campbell v. Sikes*, 169 F.3d 1353, 1376 (11th Cir. 1999). Here, the actions taken by Defendant Hirschy were within his discretionary duties to maintain control within the prison setting. The actions taken by Defendant Hirschy all fell within the F.A.C. 33-602.210 and therefore, is entitled to qualified immunity. As such, this Court should enter an order granting summary judgment in favor of Defendant Hirschy.

IV. **There is no claim for Excessive Force as to Crawford**

Based on the evidence, there is nothing to support that the actions of Defendant Crawford violated the Eighth Amendment Rights of Plaintiff. Throughout the use of force, Defendant Crawford operated the handheld video camera. MSJ Ex. F at 00:10. The OIG found nothing was done improperly within the use of force incident. MSJ Ex. C. Compliance with prison regulations in administering force or restraint provides evidence that prison officials acted in good faith and not to inflict pain. *Campbell v. Sikes*, 169 F.3d 1353, 1376 (11th Cir. 1999). Additionally, qualified immunity applies

to Defendant Crawford in this incident as well. Defendant Crawford acted within his discretionary duties to maintain the handheld video camera during the use of force incident. There is no evidence to support anything was done improperly. The video camera clearly demonstrates the actions of Plaintiff and his failure to respond to commands and to submit to hand restraints, thus demonstrating an appropriate use of force to maintain order within the prison system. MSJ Ex. F at 02:22 and 05:45. Accordingly, this Court should enter an order granting summary judgment in favor of Defendant Crawford.

**V.     There is no claim for Excessive Force as to the Unknown Defendant[1]**

To the extent that this defendant was not named, but if the person is represented by the undersigned, this Court should enter an order granting summary judgement in favor of the unknown defendant. The handheld video demonstrates the actions taken by the unknown defendant and throughout the video, Plaintiff's wrists are visible in the handcuffs with gaps clearly observed between the Plaintiff's wrists and the handcuffs. MSJ Ex. F at 15:08-15:22; 15:26; 25:08-25:18; 25:24-25:31; 27:50-28:40.. This evidence is clearly contradictory to Plaintiff's claims. In the context of cases involving video evidence, this Court will accept the video's depiction over the opposing party's account of the facts where the video obviously contradicts that version of the facts. *Logan v. Smith*, 439 Fed. Appx. 798, 800 (11th Cir. 2011)

---

[1] Based on the video exhibits, this unknown defendant could be Sergeant Basilio, who was represented by the undersigned and all claims that named him specifically were dismissed; or Officer Kaiser, who has not yet been served with process.

Accordingly, the unknown defendant was engaged in his discretionary duties of transporting the Plaintiff from his cell to a decontamination shower, then to medical for an evaluation, and back to his cell. The act of transportation does not violate Plaintiff's civil rights and as clearly shown on the video, there is no action taken that violated constitutional law. As such, the unknown defendant is entitled to qualified immunity for claims of excessive force and judgment in his favor.

## V.     CONCLUSION

Accordingly, the Defendants respectfully request that this Court enter an Order granting summary judgment in favor of the Defendants.

Respectfully Submitted,

**JAMES UTHMEIER**
**ATTORNEY GENERAL**

/s/ Jessica Schwieterman
Jessica Schwieterman
Senior Assistant Attorney General
Florida Bar No. 116460
Office of the Attorney General
3507 E. Frontage Road, Suite 200
Tampa, FL 33607
T - (813) 233-2880; F - (813) 281-1859
jessica.schwieterman@myfloridalegal.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 3, 2025, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been furnished via U.S. Mail to Plaintiff, *pro se*,

Johnny Burgess, DC# U05762, Suwannee Correctional Institution, 5964 U.S. Highway 90, Live Oak, Florida 32060.

/s/ Jessica Schwieterman
Jessica Schwieterman
Senior Assistant Attorney General
